[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both the plaintiffs and the defendants have moved for summary judgment (#140, #142) in connection with a special defense filed by the defendants claiming that a certain allegation in the complaint is time barred by the statute of limitations for negligence actions.
The operative complaint is dated August 8, 1990. In paragraph 9h, the plaintiffs, Resurreccion Niper, and her husband Robert Niper, who asserts a claim for loss of consortium as a result of injuries to his wife, allege that Mrs. Niper fell on a sidewalk because the defendants "failed to have and keep separate their waste disposal system from their storm drain system." Other counts in the complaint claim violation of the lease and of the law of landlord-tenant, as well as General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), and nuisance.
The defendants, Frank Johnson and James Stokes d/b/a J. S. Limited Partnership, who own the building in front of which the sidewalk where Mrs. Niper fell is located, contend that the allegation is separate and distinct from the allegations in the original and subsequent complaints, and therefore do not relate back to the allegations in these previous complaints.
Prior to the August 8, 1990 amended complaint, the plaintiffs had alleged in their original complaint dated January 4, 1988, that Mrs. Niper's fall on March 3, 1987, had been caused by ice and tissue paper that had accumulated on the sidewalk as a result of "water spilling out of an overflowing waste pipe" in front of 840 Howard Avenue, in Bridgeport, where the Nipers resided
The complaint was revised on September 13, 1988, and the same allegation about the overflowing waste pipe was repeated.
In the complaint of August 8, 1990, for the first time, the CT Page 1894 plaintiffs in paragraph 9h allege as a ground of negligence that the waste disposal and storm drain systems were not kept separate. The defendants objected to the proposed amendment, but the court granted plaintiffs permission to file the amended complaint.
The plaintiffs' motion for summary judgment seeks to strike defendants' first special defense, which claims that the applicable statute of limitations for negligence actions, General Statutes 52-584, bars the plaintiffs' negligence claim alleging separation of the waste disposal and storm drain systems.
The defendants' motion for summary judgment claims that the allegation in August, 1990, concerning keeping separate the waste disposal and storm drain systems constitutes a new cause of action claiming defective design. They also contend that this cause of action does not relate back to the allegations of negligence in the original complaint of January, 1988.
It is clear that if an amended complaint does not relate back to the original complaint, its assertion should be barred by the statute of limitations. Gurliacci v. Mayer, 218 Conn. 531,546, 590 A.2d 914 (1991). The Gurliacci case distinguished between an amendment that "amplified and expanded upon the previous allegations by setting forth alternate theories of liability," as contrasted with allegations that inject "two different sets of circumstances and depend on different facts." Id., 549.
The court in Gurliacci refers to Sharp v. Mitchell,209 Conn. 59, 71-72, 546 A.2d 846 (1988), as a leading case in this area. The action was originally brought based on "negligent supervision." Sharp v. Mitchell, supra, 72-73. The complaint was subsequently amended to claim negligent design and construction of an underground storage area. This change from negligent supervision to negligent construction was described in Gurliacci, Id., 549, as "dramatic," and the reason given was "because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim."
In this case, the plaintiff adds to a claim of negligence in allowing water to overflow from a waste pipe, a claim of negligent design or construction in failing "to have and keep separate their waste disposal system from their storm drain system." I believe this change falls within the prohibition of Sharp v. Mitchell, supra, and thus does not relate back to the original allegations. It follows that the two year statute of limitations has expired on the claim set forth in paragraph 9h CT Page 1895 of the first, second, third and fifth counts of the August 8, 1990 complaint. Accordingly, a summary judgment may enter in favor of the defendants with respect to that paragraph. Plaintiffs' motion to strike the first special defense claiming the statute of limitations is denied.[1]
So Ordered
Dated at Bridgeport, Connecticut this 28th day of February 1992.
WILLIAM B. LEWIS, JUDGE